ELIZABETH TRUST COMPANY, TRUSTEE FOR PHILIP COHEN, PLAINTIFF-APPELLANT, v. GEORGE T. CHONG ET AL., DEFENDANTS-RESPONDENTS.

Submitted October 26, 1934—Decided January 10, 1935.

For the plaintiff-appellant, *Samuel Koestler* and *Melvin J. Koestler.*

For the defendant-respondent, *Charles J. Stamler.*

The opinion of the court was delivered by

DONGES, J.   This is an appeal from a judgment of the Supreme Court entered upon the verdict for a jury after a trial at the Union Circuit.

The suit was for rent under a written lease.  The lease was entered into by Elizabeth Trust Company, trustee for Philip Cohen, plaintiff-appellant, and George T. Chong, defendant-respondent, for a period of ten years from June 1st, 1925.  Subsequently there was an assignment on September 9th, 1927, by Chong to Jack W. Lee and Tom Chung Kai, the other defendants.  There was no defense presented by Lee and Kai.

The lease contained a covenant against assignment but the assignment was assented to in writing by the trust company, by its attorney.

Chong's defense is that there was a substitution of tenants by consent of the plaintiff, and second, that there was a surrender and acceptance releasing him from liability. The assignees paid the rent to October, 1930, and the amount sought to be recovered fell due thereafter.

Parol testimony was admitted to the effect that the agent of the bank had told Chong, who expressed a desire to give up the premises and return to China, that if he obtained another tenant he would be released from his obligation. Accordingly, he says, he procured Lee and Kai, who borrowed money from the plaintiff bank and bought out his business. The oral consent of Cohen, for whom the bank acted as trustee, to his release was obtained, Chong says. Instructions were accordingly given to an attorney, who appears to have represented Cohen, the bank and Chong all at the same time in the transaction, to effectuate the matter. The result was the following:

"Elizabeth, New Jersey,
September 9, 1927.

In consideration of one dollar and other good and valuable considerations to me in hand paid, I, George T. Chong, do hereby assign, transfer and set over unto Jack W. Lee and Tom Chung Kai, the within lease and all my right title and interest therein and thereunder.

(Signed)   Geo. T. Chong
Jersey Tea Garden.

Consent is hereby given to the foregoing assignment pursuant to the Fifth Clause of said lease.

Elizabeth Trust Company
(Signed)   by Samuel Koestler."

Thereafter the rent was paid by Lee and Kai, until default was made and the instant suit was brought.

The two principal points argued by plaintiff-appellant are that it was error to admit the parol evidence of surrender, and that it was error to refuse to direct a verdict for plaintiff. Parol evidence of an agreement to surrender is admissible, but standing alone, it is insufficient to support a surrender.

There must be evidence of some act to show consummation of the agreement to surrender. In *Miller* v. *Dennis, 68 N. J. L.* 320, it was said:

"While executory only, the agreement of surrender was, of course, not enforceable, but when executed it became legally effective. Under the statute of frauds no lease may be surrendered except by writing or by act and operation of law. It has been held in our Supreme Court, as well as in other jurisdictions, and we approve the doctrine, that when the minds of parties to a lease concur in the common intent of relinquishing the relation of landlord and tenant and execute this intent by acts which are tantamount to a stipulation to put an end thereto, there at once arises a surrender by act and operation of law. *Meeker* v. *Spalsbury,* 37 *Vr.* 60, and cases cited. Of course, the terms of the surrender may be settled in advance by parol."

In *Whitcomb* v. *Brant,* 90 *N. J. L.* 245, Mr. Justice Katzenbach, speaking for this court, said:

"That there was no constructive surrender by operation of law is equally manifest, when it is recalled that such a surrender can be evolved from the acts of the parties only when the intent to accept a proffered surrender is made reasonably clear and unequivocal, or is the logical and necessary result of the landlord's conduct. *Meeker* v. *Spalsbury,* 66 *N. J. L.* 60; *Payne* v. *Hall,* 82 *Id.* 362; *Smith* v. *Hunt,* 32 *R. I.* 326; 25 *Am. Cas.* 971; *Dennis* v. *Miller,* 68 *N. J. L.* 320; *Jones* v. *Rushmore,* 67 *Id.* 157."

It appears that when the purchasers of respondent's business, Lee and Kai, desired to have a new lease, it was refused by the lessor, who, however, consented to an assignment. This did not effect a surrender, either under the statute of frauds or by operation of law. So far as appears, no act that can be construed as having such effect was testified to, except that the respondent asserts that acceptance of rent from the assignees was such an act. But, obviously, this is not so, because the duty devolved upon the assignees of the lease to comply with its terms. Respondent argues that the use of the words in the assignment "all my right, title and interest

therein and thereunder" indicates an intention to release the assignor. Such are the words used to assign the original lessee's interest and are not to be reasonably construed as being a release of the assignor by the lessor.

Parol agreements alone being insufficient to effect a surrender of a written lease, in the absence of some act in execution thereof, and there being no evidence to go to the jury of such act, the submission of the case to the jury, over plaintiff's motion for a directed verdict, was error.

The judgment is reversed.

*For affirmance*—THE CHIEF JUSTICE, PERSKIE, VAN BUS-KIRK, DEAR, WELLS, JJ. 5.

*For reversal*—THE CHANCELLOR, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, KAYS, HETFIELD, JJ. 9.